[No. B170198. Second Dist., Div. Six. Sept. 23, 2004.]

JESUS NAVARRO, Plaintiff and Appellant, v.
ROBERT S. PERRON, SR., et al., Defendants and Respondents.

COUNSEL

Jerry O. Crow for Plaintiff and Appellant.

Robert S. Perron, Sr., and Kim D. Perron, in pro. per., for Defendants and Respondents.

OPINION

**GILBERT, P. J.**— A partner wrongfully repudiates the partnership agreement. Does the aggrieved partner have a remedy other than damages? Yes. Here we hold the aggrieved partner is not required to accept an award of damages, but may elect to have the partnership dissolved by sale of the partnership assets and distribution of the proceeds. (Corp. Code, §§ 16402, 16801, subd. (5), 16807, subd. (a).)[1] We reverse with instructions to dissolve the partnership by sale of its assets.

FACTS

This appeal after a court trial is on the clerk's transcript only. It involves the disputed ownership of a duplex located in Ventura.

The court found that Jesus Navarro and Robert S. Perron, Sr. and Kim D. Perron formed a partnership to purchase the duplex. Navarro owned 50 percent and the Perrons owned the other half. The partners purchased the premises and contributed equal amounts of cash. Because Navarro had credit problems, the Perrons alone signed the note and took title to the property.

---

[1] All statutory references are to the Corporations Code.

Eventually, the Perrons repudiated the partnership. Navarro sued for breach of contract and specific performance. He requested that the court order the Perrons to execute a deed conveying to him an undivided 50 percent interest in the property. The Perrons cross-complained for slander of title, abuse of process, trespass and declaratory relief. They also filed an unlawful detainer action. Both parties brought actions for injunctions to prohibit harassment. All the actions were consolidated for trial.

The trial court found an enforceable partnership agreement and ruled against the Perrons on their cross-complaint and unlawful detainer action. The court had difficulty, however, fashioning a remedy.

In its tentative statement of decision, the trial court stated that it would not be just or reasonable to order the Perrons to execute a deed granting Navarro 50 percent of the property for two reasons: 1) transfer might trigger the trust deed's due-on-sale clause; and 2) deterioration in the parties' relationship makes common ownership impossible.

The court found the value of the property to be $292,000. The court gave the Perrons until May 1, 2002, to purchase Navarro's share. If the Perrons did not exercise their right, then Navarro would have the right to purchase the Perrons' interest until June 30, 2002. If neither party exercised the right to purchase, the property would be put on the market for sale.

Neither party exercised the option to purchase. Navarro asked the trial court to place the property on the market. Instead, the trial court issued another tentative statement of decision with a different remedy. The court awarded Navarro damages in the amount of $38,750, leaving title to the property to the Perrons. Navarro objected to the damages as inadequate on the ground, among others, that the value of the property had increased since trial.

The trial court issued another statement of decision increasing the amount of damages awarded to Navarro to $52,170. The court stated that it considered a judicial dissolution of the partnership, but that would require a sale of the property and a distribution of the net proceeds. The court decided to award damages instead because of the Perrons' desire to retain the property as their residence and because Navarro considered the property as a relatively short term investment.

## DISCUSSION

### I

Navarro contends the trial court erred in awarding an arbitrary amount of damages. Navarro believes the trial court should have dissolved the partnership and ordered the property sold on the open market. In the alternative, Navarro believes he should have been given the right to purchase the Perrons' interest based on the court's evaluation of $292,000, or for $38,750, or for $52,170.

■ Navarro's contention that the damage award is arbitrary is tantamount to a claim that it is not supported by substantial evidence. But Navarro has proceeded without a reporter's transcript. Where the appeal is on the clerk's transcript only, we must conclusively presume the evidence is sufficient to support the trial court's findings of $52,170 damages. (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, §§ 561, 354, pp. 598, 402.)

May the trial court force Navarro to accept an award of damages, rather than a dissolution of the partnership and a sale of the premises?

Section 16801, subdivision (5), provides that a partnership is dissolved, and its business "shall be wound up" when, on application of a partner, there is a judicial determination that any of the following applies:

"(A) The economic purpose of the partnership is likely to be unreasonably frustrated.

"(B) Another partner has engaged in conduct relating to the partnership business that makes it not reasonably practicable to carry on the business in partnership with that partner.

"(C) It is not otherwise reasonably practicable to carry on the partnership business in conformity with the partnership agreement."

■ Here the trial court stated in its tentative statement of decision that the relationship between the parties has so deteriorated that common ownership is no longer possible. Judging from the extensive litigation, including mutual restraining orders, the trial court's finding is a statement of the obvious. Section 16801, subdivision (5)(c) is applicable here. Where the court determines it is not reasonably practical to carry on the partnership, the court has no discretion to deny a partner's application to dissolve it. (See *Wallace v. Sinclair* (1952) 114 Cal.App.2d 220, 228–229

[250 P.2d 154].) Navarro's request that the property be sold is the equivalent of an application to dissolve the partnership.

Nor can the court dissolve the partnership by awarding the Perrons the property and Navarro damages. Section 16402 provides that "[a] partner has no right to receive . . . a distribution in kind." A judgment granting Navarro damages and leaving the Perrons in possession of the property is the equivalent of granting the Perrons a right to a distribution in kind. It follows that Navarro has no right to a judgment allowing him to purchase the property from the Perrons based on the court's evaluation of $292,000, or for $38,750, or for $52,170. Instead, the property must be sold, the proceeds applied to discharge the partnership's obligations to creditors and any surplus paid in cash to the partners in accordance with their rights to distributions. (See § 16807, subd. (a).)

■ In awarding damages instead of dissolving the partnership, the trial court relied on *Gherman v. Colburn* (1977) 72 Cal.App.3d 544 [140 Cal.Rptr. 330]. The court correctly recognized there is an exception to the rule that the only permissible form of action between partners is judicial dissolution: where one of the partners repudiates the existence of the partnership and converts all of the partnership assets. In such a case, the "victim" may sue for damages without seeking dissolution of the partnership. (*Id.* at p. 557.)

■ That the nonbreaching partner may sue for damages without seeking dissolution does not mean he is required to. As *Gherman* points out, "the choice of remedy is vested in the victim, not in the wrongdoer." (*Gherman v. Colburn, supra,* 72 Cal.App.3d at p. 564.) *"It does not lie in the mouth of the wrongdoer to demand that his victim be limited to that cause of action which is most beneficial to the wrongdoer."* (*Id.* at p. 565.) Witkin also teaches that where there is more than one appropriate remedy for a wrong, the party who is wronged has the election of remedies. (See 3 Witkin, Cal. Procedure (4th ed. 1997) Actions, § 176, pp. 246–247.) Here Navarro was wronged and the election of remedies is with him. He has elected judicial dissolution.

## II

Navarro contends the trial court should have awarded him attorney fees as provided in the partnership agreement.

But the Perrons did not execute the formal partnership agreement that contained the attorney fees clause. Instead, the court found that the parties' oral agreement was enforceable. In the alternative, the court found documents other than the formal agreement constituted a memorandum sufficient for the statute of frauds. Navarro cites no basis for an award of fees.

## III

██ Finally, the Perrons, as respondents in propria persona, request that we order an entirely new trial. Their request is based on a disagreement with the trial court's factual findings. But the Perrons did not appeal the judgment. Nor did they provide us with the reporter's transcript. In any event, our review of the trial court's factual findings is limited. The trial court is the sole arbiter of the facts. (*Kimble v. Board of Education* (1987) 192 Cal.App.3d 1423, 1427 [238 Cal.Rptr. 160].) We have no power on appeal to weigh the evidence, consider the credibility of witnesses, or resolve conflicts in the evidence or the reasonable inferences that may be drawn from the evidence. (*Ibid.*)

The Perrons claim they were entitled to a jury trial. But in addition to their failure to appeal, they fail to cite any place in the record where they requested a jury or objected to proceeding without a jury. Nor do they cite any authority for the proposition that they were entitled to a jury. Even if they had appealed, they would have waived the issue. (See *Horowitz v. Noble* (1978) 79 Cal.App.3d 120, 139 [144 Cal.Rptr. 710].)

The judgment is reversed with instructions to order the property sold, the proceeds applied to pay the obligations of the partnership and any surplus distributed to the partners in cash. Costs on appeal are awarded to Navarro.

Coffee, J., and Perren, J., concurred.

A petition for a rehearing was denied October 14, 2004, and respondents' petition for review by the Supreme Court was denied January 12, 2005.