[No. B184507. Second Dist., Div. Six. Sept. 25, 2006.]

CORONA FRUITS & VEGGIES, INC., et al., Plaintiffs and Appellants, v. FROZSUN FOODS, INC., et al., Defendants and Respondents.

**COUNSEL**

Twitchell and Rice, Vincent T. Martinez and Karen A. O'Neil for Plaintiffs and Appellants.

Peter M. Gwosdof and Morton Minikes for Defendants and Respondents.

**OPINION**

**YEGAN, Acting P. J.**—Shakespeare asked, "What's in a name?" We supply an answer only for the Uniform Commercial Code lien priority statutes: Everything when the last name is true and nothing when the last name is false. When a creditor files a UCC-1 financing statement, the debtor's true last name is crucial because the financing statements are indexed by last names. A subsequent creditor who loans money to a debtor with the same name is put on notice that its lien is secondary.

The trial court here found that Corona Fruits & Veggies, Inc. and Corona Marketing Company (appellants), failed to perfect a security interest in a strawberry crop because its UCC-1 financing statement erroneously listed the debtor's last name. We affirm. (Cal. U. Com. Code, §§ 9503, subd. (a)(4)(A), 9506, subd. (b).)[1]

*Facts and Procedural History*

In 2001, appellants subleased farm land to a strawberry farmer (debtor) who went by the last name of "Munoz." The sublease, as well as other documents given to appellants, stated that debtor's name was "Armando

---

[1] Unless otherwise stated, all statutory references are to the California Uniform Commercial Code.

Munoz Juarez." That was and is his full true name. But he signed the sublease "Armando Munoz."

Appellants advanced money for payroll and farm production expenses. On July 2, 2001, appellants filed a UCC-1 financing statement listing debtor's name as "Armando Munoz" and a second UCC-1 financing statement on January 17, 2002, listing the same name.

In December 2001, debtor contracted with respondent Frozsun Foods, Inc. (Frozsun Foods) to sell processed strawberries. Frozsun Foods advanced money which was secured by a January 17, 2002 UCC-1 financing statement listing debtor's last name as "Armando Juarez."

As of July 26, 2002, debtor owed appellants $230,482.52 and owed Frozsun Foods $19,648.52. When debtor was unable to meet his loan obligations, appellants took back the farm land, harvested the strawberry crop, and kept the crop proceeds.

Appellants and Frozsun Foods filed collection actions which were consolidated for trial. (Code Civ. Proc., § 1048, subd. (a).) The trial court found that debtor's true legal name was "Armando Munoz Juarez, . . . as shown on his identification documents as well as the documents of [appellants] and Frozsun, Inc . . . ." The trial court concluded that appellants and Frozsun Foods knew debtor's true legal name, "but only Frozsun Foods, Inc. recorded its UCC-1 statement under that full name[.] [I]ts recording supercedes the two recordings by [appellants] using only part of Munoz's name."

### True Last Name

In California, the filing of a UCC-1 financing statement is generally required to perfect a security interest or agricultural lien. (§ 9310, subd. (a); 4 Witkin, Summary of Cal. Law (10th ed. 2005) Secured Transactions In Personal Property § 76, p. 634.) "The requirement that a financing statement provide the debtor's name is particularly important. Financing statements are indexed under the name of the debtor, and those who wish to find finance statements search for them under the debtor's name. [Citations.]" (Witkin, *supra*, pp. 639–640, § 80.)

■ Substantial evidence supports the finding that debtor's true last name was "Juarez" and not "Munoz." The pleadings state that debtor's last name is "Juarez," as do many of appellants' business records. Debtor provided appellants with a photo identification and green card bearing the name "Armando Munoz Juarez." The name appears on the sublease and other documents including the farmer agreement, a crop exhibit, a second sublease agreement (identifying debtor as "Juarez Farms, Armando Munoz Juarez"), a crop assignment, appellants' accounting records, receipts for advances, appellants' letters to debtor, and checks issued by appellants. Debtor identified himself by the last name "Juarez" on two tax returns, in tax documents issued by appellants, in debtor's dealings with the United States Department of Agriculture, in debtor's bankruptcy petition, and in debtor's business dealings with Frozsun Foods.

## Misleading Financing Statement

Citing *Cassel v. Kolb* (1999) 72 Cal.App.4th 568 [84 Cal.Rptr.2d 878], appellants argue that the question of whether they have a perfected security interest is subject to de novo review. It addressed whether a UCC-1 financing statement adequately described the collateral in which a bank claimed a security interest. The Court of Appeal held that interpretation of the security agreement was a question of law. (*Id.*, at p. 573.) We agree with the holding of *Cassel v. Kolb,* that the adequacy of a UCC-1 financing statement presents a question of law, and is reviewed independently on appeal. This, however, does not aid appellants.

■ As a general rule, minor errors in a UCC-1 financing statement do not affect the effectiveness of the financing statement unless the errors render the document seriously misleading to other creditors. (See § 9506, subd. (a), formerly 9402; *Cassel v. Kolb, supra,* 72 Cal.App.4th at p. 576; *Goldie v. Bauchet Properties* (1975) 15 Cal.3d 307, 320 [124 Cal.Rptr. 161, 540 P.2d 1] [discussing former § 9402]; *In re Softalk Pub. Co., Inc.* (9th Cir. 1988) 856 F.2d 1328, 1330 [same].) Section 9506, subdivision (b), however, provides: "[A] financing statement that fails sufficiently to provide the name of the debtor in accordance with subdivision (a) of Section 9503 is seriously misleading." There is a safe harbor. "[I]f a search of the filing office's records under the debtor's correct name, using the filing office's standard search logic, if any, would nevertheless disclose that financing statement, the name

provided does not make the financing statement seriously misleading. (U.C.C. 9506 (c).)" (4 Witkin, *supra*, Summary of Cal. Law, Secured Transactions in Personal Property, § 83, at p. 642.)

The record indicates that Frozsun's agent conducted a "Juarez" debtor name search and did not discover appellants' UCC-1 financing statement. No evidence was presented that the financing statement would have been discovered under debtor's true legal name, using the filing office's standard search logic. (§ 9506, subd. (c).) Absent such a showing, the trial court reasonably concluded that the "Armando Munoz" debtor name in appellants' financing statement was seriously misleading.[2] (§ 9506, subds. (b) & (c).) "The secured party, not the debtor or uninvolved third parties, has the duty of insuring proper filing and indexing of the notice." (*In re Thomas* (9th Cir. 1972) 466 F.2d 51, 53.)

### Naming Convention

Appellants contend that the debtor name requirement is governed by the naming convention of Latin American countries because debtor is from Mexico. We reject the argument because the strawberries were planted in and the debt obligation arose in Santa Barbara County, not Mexico. "In most Latin American countries, the surname is formed by listing first the father's name, then the mother's name. . . . [T]his is exactly opposite Anglo-American tradition . . . . " (*People v. Perez* (1994) 30 Cal.App.4th 900, 903, fn. 2 [36 Cal.Rptr.2d 391].) Debtor's last name did not change when he crossed the border into the United States. The "naming convention" is legally irrelevant for UCC-1 financing statement purposes and, if accepted, would seriously undermine the concept of lien perfection.

Appellants knew that debtor's legal name was "Armando Juarez" or "Armando Munoz Juarez." Elodia Corona, appellants' account manager, prepared the UCC financing statements and testified: "I don't know why I didn't put his [i.e., debtor's] last name [on the UCC-1 financing statement]. I could have made a mistake . . . ." Ms. Corona was asked: "So the last name on all the Agreements is Juarez, but on the U.C.C. 1 Forms, you filed them as Munoz?" Ms. Corona answered, "Yes."

---

[2] The California Uniform Commercial Code comment to section 9506 states in pertinent part: "Subsection (b) contains the general rule: a financing statement that fails sufficiently to provide the debtor's name in accordance with Section 9-503(a) is seriously misleading as a matter of law."

*Conclusion*

Appellants are estopped by their pleadings, the contracts, business records, the checks for the cash advances, debtor's identification papers and tax papers, and the testimony of appellants' account manager. Appellants could have protected themselves by using both names on their financing statements. (4 Witkin, *supra*, Summary of California Law, Secured Transactions in Personal Property, § 80, subd. 7, at p. 640; § 9503, subd. (e).) The trial court did not err in finding that the UCC-1 financing statement filed by Frozsun Foods perfected a security interest superior to appellants' liens.[3]

The judgment is affirmed. Frozsun Foods is awarded costs on appeal.

Coffee, J., and Perren, J., concurred.

Appellants' petition for review by the Supreme Court was denied December 20, 2006, S147801.

---

[3] We point out the obvious: Had Frozsun Foods believed that the debtor's last name was Munoz and filed a UCC-1 financing statement under that name, it would have found the prior financing statement and would have had notice of the prior lien. It then could have made an informed business decision on whether to loan money to the strawberry farmer or not.