Filed 5/20/15  Huntsman v. Krupnick CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ROY HUNTSMAN,<br><br>   Plaintiff and Appellant,<br><br>v.<br><br>NEIL L. KRUPNICK et al.,<br><br>   Defendants and Respondents. | 2d Civil No. B253877<br>(Super. Ct. No. SC044885)<br>(Ventura County) |

Roy Huntsman, an attorney, appeals from the judgment entered in favor of respondents Neil L. Krupnick, also an attorney, and his professional law corporation, Neil Lawrence Krupnick, Inc., dba Krupnick & Associates.  After a jury returned a special verdict in respondents' favor on appellant's legal causes of action, appellant demanded that the court try his equitable cause of action for an accounting.  The court refused. Appellant's sole contention on appeal is that the court's refusal was erroneous.  We conclude that the special verdict rendered moot the cause of action for an accounting. We therefore affirm.

### Factual and Procedural Background

Appellant filed a complaint consisting of six causes of action: (1) breach of a law partnership contract, (2) conversion of partnership assets, (3) fraud, (4) breach of fiduciary duty, (5) declaratory relief, and (6) an accounting of the partnership business.

The complaint alleged that on January 1, 2005, the parties had "entered into a written partnership agreement . . . for the purpose of carrying on the business of practicing law . . . ." Pursuant to the agreement, the parties "assumed" that appellant would purchase half of respondents' practice "by the end [of] 2009." Until the purchase price of $425,000 was paid in full, appellant would receive 17.5 percent and respondents would receive 32.5 percent of the practice's gross receipts. The remaining 50 percent of the gross receipts would "be held for the [practice's] operating expenses." After payment of the purchase price, respondents and appellant would each receive 25 percent of the gross receipts.

The complaint further alleged that on August 1, 2005, seven months after the formation of the partnership, respondents "assumed sole possession and control of the [partnership's] business and assets . . . and thereafter controlled, operated, and conducted the partnership business to the exclusion of [appellant] and without making any accounting to [appellant] of the income or disbursements, or of the net profits or losses realized by the partnership." Respondents "breached the [partnership] contract by repudiating the existence of the partnership." The complaint requested damages, "a declaration of the rights and interests of [the parties] in and to the partnership business and assets," "a complete accounting of the partnership from January 1, 2005," and "a judgment in favor of [appellant] and against [respondents] for the amounts found to be due under such accounting."

The causes of action for breach of contract, breach of fiduciary duty, and fraud were tried to the jury. Appellant did not proceed on the causes of action for conversion and declaratory relief. Before the jury trial began, the court ruled that the jury would decide the issues of liability and damages in a single proceeding. It denied respondents' motion to bifurcate damages from liability. Appellant's counsel agreed that the equitable cause of action for a partnership accounting, "if still viable after the jury's verdict," would "be tried to the Court post[-]jury trial."

The jury returned a special verdict in respondents' favor. It found that a partnership between the parties existed, but that respondents had not breached the

2

partnership agreement or their fiduciary duty to appellant. The jury also found that respondents had not committed fraud. In view of these findings, the jury did not award any damages to appellant.

After the verdict was recorded, appellant's counsel demanded a court trial on the cause of action for an accounting. Counsel explained: "[W]e specifically stated on the record that the accounting claim would be resolved after the trial if it wasn't resolved by the jury. And it wasn't resolved by the jury. The jury's verdict says they are partners, and as a result, [respondents have] to account to [their] partner." The trial court concluded that, because "the jury's verdict has decided everything," the "case is over." The court reasoned that appellant's "claim for lost profits damages cannot be re-tried to the court as an equitable partnership accounting claim. [¶] It is foreclosed by the jury's verdict."

*Discussion*

Appellant contends that "the judgment must be reversed with directions to the trial court to proceed with an accounting and dissolution of the partnership." Appellant argues: "[T]he jury found that [the parties] were partners. As a result [respondents'] conduct in repudiating the partnership and excluding [appellant] from the practice was, at the very least, [respondents'] dissociation from that partnership. . . . As a result, the partners must comply with California *Corporations Code* § 16607 [the correct citation is § 16807] by dissolving, liquidating and distributing the partnership assets to the partners."[1] Section 16807, subdivision (a) provides that, when a partnership dissolves and is wound up, its assets are first used to pay creditors. The remainder is paid to the partners in accordance with their rights to distributions. (***Ibid***.)

The partnership here was a partnership at will. " 'Partnership at will' means a partnership in which the partners have not agreed to remain partners until the expiration of a definite term or the completion of a particular undertaking." (§ 16101, subd. (11).) The partnership agreement provided that the partnership would continue "until terminated or changed by mutual agreement of the parties." A partnership at will is "dissolved, and its business shall be wound up," if "at least half of the partners" dissociate from the

---

[1] All statutory references are to the Corporations Code.

partnership. (§ 16801, subd. (1).) "A partner is dissociated from a partnership" upon "[t]he partnership's having notice of the partner's express will to withdraw as a partner." (§ 16601, subd. (1).)

Respondents constituted at least half of the partners. Thus, if respondents dissociated from the partnership, it was "dissolved, and its business shall be wound up." (§ 16801, subd. (1).) But the jury did not find, as appellant contends, that respondents had "repudiat[ed] the partnership and exclud[ed] [him] from the practice . . . ." The jury expressly found that respondents had not breached the partnership agreement. By this express finding, the jury necessarily found that respondents had not repudiated the partnership and excluded appellant from the practice. Such a repudiation and exclusion would have breached the partnership agreement. (See *Gherman v. Colburn* (1977) 72 Cal.App.3d 544, 557-558 ["where one partner excludes the other, repudiates the very existence of the partnership and converts all of the partnership assets, the victim may sue for damages without seeking judicial dissolution and an accounting" because "the guilty partner has breached (i.e., repudiated) the basic agreement which created the partnership"].)

Accordingly, we agree with the trial court that "the jury's verdict has decided everything." Appellant's complaint did not seek a dissolution of the partnership. We reject his contention, unsupported by citation to the record, that he "plead[ed] alternatively for damages or dissolution." The complaint sought damages for respondents' allegedly wrongful conduct. The cause of action for an accounting was based on respondent's "wrongful [conduct] . . . that . . . was in violation of the partnership agreement." Appellant sought "judgment" in his favor "for the amounts [i.e., damages] found to be due under such accounting." Because the jury found that respondents had not engaged in wrongful conduct, no damages are due to appellant. The cause of action for an accounting for lost profit damages is therefore moot. The trial court correctly observed that appellant's "claim for lost profits damages cannot be re-tried to the court as an equitable partnership accounting claim."

4

Appellant's reliance on this court's decision in *Navarro v. Perron* (2004) 122 Cal.App.4th 797, is misplaced. In *Navarro* we held that, if "[a] partner wrongfully repudiates the partnership agreement, the aggrieved partner is not required to accept an award of damages, but may elect to have the partnership dissolved by sale of the partnership assets and distribution of the proceeds. [Citations.]" (*Id*., at p. 799.) We noted: ". . . Navarro was wronged and the election of remedies is with him. He has elected judicial dissolution." (*Id*., at p. 802.) We concluded that the trial court had erroneously required Navarro to accept damages instead of dissolution. In contrast to *Navarro*, here the jury found that appellant had not been wronged. Thus, he has no election of remedies to make.

*Disposition*

The judgment is affirmed. Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

5

Barbara Lane, Judge

Superior Court County of Ventura

_____

Craig R. Smith; Smith Law Firm, A Professional Corporation, for Appellant.

Monroy, Averbuck & Gysler; Jon F. Monroy and Jennifer E. Gysler, for Respondents.