Filed 1/12/16  Baik v. Oyang America, Inc. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| KYUEM HEUM BAIK,<br><br>    Plaintiff, Cross-defendant and Respondent,<br><br>    v.<br><br>OYANG AMERICA, INC., et al.,<br><br>    Defendants, Cross-complainants and Appellants. | B258284<br><br>(Los Angeles County<br>Super. Ct. No. BC484129) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Yvette Palazeulos, Judge.  Affirmed.

Evan Michael Hess for Defendants, Cross-complainants and Appellants.

No appearance for Plaintiff, Cross-defendant and Respondent.

_____

## INTRODUCTION

Kyuem Heum Baik filed this action to collect a $100,000 debt from Oyang America, Inc. and its principal, Kenneth Yoon. Oyang America and Yoon filed a cross-complaint against Baik seeking to recover consequential damages caused by Baik's filing of a UCC financing statement that they claim disrupted their banking relationship and damaged their business. After a court trial, Baik prevailed on his complaint and on Oyang America and Yoon's cross-complaint. Oyang America and Yoon appeal, challenging only the trial court's adverse ruling on their cross-complaint. Because Oyang America and Yoon have not provided an adequate record to review their appeal, we must affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

After making a demand for payment, Baik filed his complaint in this action against Yoon and his import-export business, Oyang America, to collect a $100,000 debt. Oyang America had given Baik a check for $100,000, but "the bank refused to honor the check for payment stopped." Baik asserted causes of action for money had and received, account stated, and "account closed check."

Oyang America and Yoon filed a cross-complaint claiming that Baik had filed an improper UCC-1 initial financing statement that hurt their business. Oyang America and Yoon alleged that Baik did so with the "specific intent and design" of interfering with their "ability to contract with third parties." Specifically, Oyang America and Yoon alleged that, when they "applied for additional financing and an extension of credit with Royal Business Bank ('RBB')," "RBB declined to extend credit [or] financing" because Baik had filed the UCC financing statement, which "was ahead of RBB's financing statement." Oyang America and Yoon alleged that the UCC financing statement filed by Baik caused RBB to refuse to extend Oyang America credit, and that their business came

2

"to a grinding halt" so that they were "unable to buy and sell goods." Oyang America and Yoon asserted causes of action for declaratory relief, injunctive relief, statutory damages under Commercial Code section 9625,[1] interference with prospective economic relationship, and slander of title.

The case proceeded to a court trial without a court reporter to transcribe the proceedings. Oyang America and Yoon argued that the $100,000 was not a loan, but rather a fee for lobbying services in South Korea that they did not have to pay because Baik's lobbying efforts were unsuccessful. Oyang America and Yoon also argued that Baik filed the UCC financing statement without their consent, as required by section 9509, and that section 9625 authorized them to recover lost financing and other consequential damages. They claimed that, immediately after Baik filed the UCC financing statement in April 2013, "Oyang America's line of credit was cancelled" and "income from sales plummeted," and Oyang America's business did not begin to recover until RBB reinstated its line of credit in July 2013. Baik argued that Oyang America and Yoon actually obtained the loan from RBB they claimed they were unable to obtain.

The court issued a statement of decision finding that Baik had lent Oyang America and Yoon $100,000, that they had not repaid any of the principal, and that they had written "a $100,000 check payable to [Baik], but the check was returned when [Baik] first attempted to cash it because [Oyang America and Yoon] had placed a 'Stop Payment' order on it." The court found that Oyang America and Yoon did hire Baik as a lobbyist, and that two payments by Oyang America and Yoon totaling $22,220 were not partial payments toward the $100,000 debt, but instead were payments for Baik's expenses incurred in lobbying South Korean "'officials' or 'businessmen' in connection with [Oyang America and Yoon's] business." The court also found that Oyang America and Yoon made $18,000 in interest payments.

---

[1] All statutory references are to the Commercial Code.

On the cross-complaint, which is the subject of this appeal, the court found that "the loan [from RBB] was, in fact, funded and . . . the filing of the Financing Statement did not negatively impact the decision by [RBB] to make the loan." The court ruled that, although Oyang America and Yoon claimed that the UCC financing statement Baik had filed caused RBB to deny them financing, the evidence in fact showed that RBB had funded a $350,000 loan and that the filing of the UCC financing statement did not damage Oyang America and Yoon. The court ruled that "[n]o evidence of damages was presented" and that "the filing of the Financing Statement caused no injury" to Oyang America and Yoon. As noted, Oyang America and Yoon appeal only the trial court's adverse ruling on their cross-complaint.

The document they appeal from, however, is not a judgment. The trial court initially filed an unsigned two-page document entitled "Tentative Decision/Judgment" pursuant to California Rules of Court, rule 3.1590,[2] which stated, without giving any factual or legal basis for the court's decision, that Baik was entitled to judgment on the complaint in the amount of $124,500, and to judgment on the cross-complaint by Oyang America and Yoon. Oyang America and Yoon then requested a statement of decision pursuant to rule 3.1590(d), specifying the "principal controverted issues" to be addressed. The court, pursuant to rule 3.1590(f), ordered counsel for Baik to prepare the statement of decision. Counsel for Baik complied, and filed a proposed statement of decision and a proposed judgment, neither of which the court ever signed. Instead, the court issued a different statement of decision, entitled "Statement of Decision in Support of Tentative

_____

[2] References to rules are to the California Rules of Court.

4

Decision/Judgment." Oyang America and Yoon appeal from that document. The court never signed or filed a judgment.[3]

## DISCUSSION

Oyang America and Yoon's principal contention on appeal is that, in ruling on their cross-complaint, the trial court erred by finding Baik did not have to obtain their consent in order to file the UCC-1 financing statement. "In California, the filing of a UCC-1 financing statement is generally required to perfect a security interest or agricultural lien." (*Corona Fruits & Veggies, Inc. v. Frozsun Foods, Inc.* (2006) 143 Cal.App.4th 319, 322.) Section 9521 prescribes a uniform form for such a financing statement. Section 9509, subdivision (a), provides: "A person may file an initial financing statement . . . only if either of the following conditions is satisfied: [¶] (1) The debtor authorizes the filing in an authenticated record or pursuant to subdivision (b) or

---

[3] We sent a letter to counsel for Oyang America and Yoon asking counsel to obtain a judgment so that we could hear this appeal. Counsel for Oyang America and Yoon complied, and contacted the trial court about obtaining a judgment. Counsel reported to this court that the trial court's clerk advised him that the "Conclusion" section of the statement of decision "ordering a Final Judgment entered" was a judgment. It is not. "[A] statement of decision is not a judgment" (*MHC Financing Ltd. Partnership Two v. City of Santee* (2005) 125 Cal.App.4th 1372, 1392; see *Industrial Indemnity Co. v. City and County of San Francisco* (1990) 218 Cal.App.3d 999, 1003, fn. 3 ["[i]t is the judgment, not the statement of decision, that is appealable"]), and titling a statement of decision a "statement of decision/judgment" does not make it a judgment. We exercise our discretion in this case to treat the statement of decision as a judgment (see *Morgan v. Imperial Irrigation District* (2014) 223 Cal.App.4th 892, 904 [exercising discretion to treat a statement of decision as an appealable, final judgment], although we "encourage trial courts to avoid this issue in the future by using a separate" judgment, "signed by the court and filed in the action, to conclude a case, rather than relying on" a statement of decision. (*Brehm v. 21st Century Ins. Co.* (2008) 166 Cal.App.4th 1225, 1234, fn. 5; see *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1578-1579 [following *Brehm*].)

5

(c). [¶] (2) The person holds an agricultural lien that has become effective at the time of filing and the financing statement covers only collateral in which the person holds an agricultural lien."

Oyang America and Yoon point to the following language in the trial court's statement of decision: "While the First Amended Cross-complaint alleges a violation of California Commercial Code § 9625 when the Financing Statement was filed without the written consent of Cross-complainants, Cross-complainants' own expert . . . confirmed that the borrower's signature is not required on a UCC-1 Financing Statement before the Statement could be filed." Oyang America and Yoon appear to interpret this statement as a finding that "it was not necessary for them to have consented to [Baik's] wrongful filing of a UCC-1 Financing Statement," which they contend is an error of law under section 9509, subdivision (a). They also contend that the trial court's comment in its statement of decision misstates the allegations of their cross-complaint, because they alleged that Baik filed the financing statement without their consent, not that he filed it without their "written" consent.

Both contentions may have some merit. But the trial court also ruled that Oyang America and Yoon failed to meet their burden of proving that Baik's filing of the UCC financing statement caused them injury, and that they did not present evidence of their damages. Although Oyang America and Yoon argue that "the evidence showed otherwise" and that the filing of the UCC financial statement caused them to lose "months of business," they do not and cannot cite to any such evidence in the record because there is no record. In the absence of a reporter's transcript or a settled statement describing the testimony at trial, Oyang America and Yoon cannot challenge the trial court's findings that they did not meet their burden of proof on damages. (See *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132 [absence of a record of the oral proceedings precluded challenge based on the insufficiency of the evidence to support the judgment]; *Navarro v. Perron* (2004) 122 Cal.App.4th 797, 801 ["[w]here the appeal is on the clerk's transcript only, we must conclusively presume the evidence is sufficient to

6

support the trial court's findings [on] damages"]; *City of Chino v. Jackson* (2002) 97 Cal.App.4th 377, 385 [lack of reporter's transcript precludes arguments about the sufficiency of the evidence]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence"]; *Stevens v. Stevens* (1954) 129 Cal.App.2d 19, 20 ["in the absence of a record of the evidence received at the hearing it will be presumed that the trial court acted duly and regularly and received substantial evidence to support its findings"].)[4]

This conclusion "follows from the cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. [Citation.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented."' [Citation.] This general principle of appellate practice is an aspect of the constitutional doctrine of reversible error. [Citation.] '"A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."' [Citation.] 'Consequently, [appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' [Citation.]." (*Foust v. San Jose Const. Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

---

[4] The clerk's transcript appears to include some of the trial exhibits, but Oyang America and Yoon do not cite to them, nor is there any evidence explaining what the documents are or any minute order stating that the court admitted them. Indeed, several of the exhibit labels are stamped with the word "cancelled," which suggests that the court did not receive them into evidence.

Oyang America and Yoon do cite to the allegations in their cross-complaint, which they say was "laden with specific allegations of damages," and to their trial and closing briefs, which they say "summarized" and "outlined the trial evidence" of their damages. Allegations and arguments, however, are not evidence. (See *Soderstedt v. CBIZ Southern California, LLC* (2011) 197 Cal.App.4th 133, 154 ["pleadings are allegations, not evidence, and do not suffice to satisfy a party's evidentiary burden"]; *Villacorta v. Cemex Cement, Inc.* (2013) 221 Cal.App.4th 1425, 1433 ["[a]rgument by counsel is not evidence," and a reviewing court will "not consider counsel's argument [at trial] in determining whether there is substantial evidence to support the verdict"]; *Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 139 ["[s]tatements and arguments by counsel are not evidence"].)

In the absence of a reporter's transcript or other record of the evidence at trial, we presume the trial court properly found that Oyang America and Yoon failed to submit sufficient evidence on the issue of damages. This is enough to affirm the judgment. (See *Donovan v. RRL Corp.* (2001) 26 Cal.4th 261, 278, fn. 5 ["[w]e must affirm the trial court's judgment for defendant if it is correct on any ground"].)

## DISPOSITION

The judgment is affirmed. Oyang America and Yoon are to bear their costs on appeal.

SEGAL, J.

We concur:

PERLUSS, P. J.                                                        ZELON, J.

8