Filed 5/9/22  Tye v. Papp CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

MATTHEW TYE,

    Plaintiff and Appellant,

v.

ERIC PAPP et al.,

    Defendants and Respondents.

E076523

(Super.Ct.No. RIC1904721)

OPINION

APPEAL from the Superior Court of Riverside County.  Randall S. Stamen, Judge.  Reversed and remanded with directions.

Matthew Tye, in pro per., for Plaintiff and Appellant.

Law Offices of Erika Peterson and Erika Peterson for Defendants and Respondents.

In an earlier appeal in this case, we affirmed the trial court's grant of defendants' special motion to strike, also known as an anti-SLAPP motion.  During the appeal, defendants moved for attorney's fees and costs for prevailing on the anti-SLAPP motion, and the trial court awarded much of the amount requested.

1

In this appeal, which concerns that fee award, we find that the trial court's legal analysis as to why the fee motion was timely was erroneous. However, we are unable to resolve a factual issue that will determine whether the motion was timely. Accordingly, we reverse and remand for further proceedings.[1]

## I. BACKGROUND

Many of the underlying facts surrounding this litigation were discussed in our prior opinion. (See *Tye v. Papp* (Jul. 26, 2021, E075153) [nonpub. opn.] (*Tye I*).) Relevant now is the fact that on March 13, 2020, the trial court granted defendants and respondents Eric Papp and Justin Tye's special motion to strike plaintiff and appellant Matthew Tye's complaint (see § 425.16), and we affirmed on appeal. (See *Tye I*, *supra*, at pp. *2-*3 [nonpub. opn.].)[2]

Our record in this appeal contains a document entitled "NOTICE OF ENTRY of Judgment," dated March 26, 2020 and signed by Tye, along with a proof of service dated the same date, signed by an unidentified person, and indicating that the notice of entry of judgment was served on defendants' counsel by mail. Defendants' counsel later filed a declaration stating that the document was never served on her.

---

[1] Undesignated statutory references are to the Code of Civil Procedure, and undesignated rule references are to the California Rules of Court.

[2] References to Tye are to plaintiff and appellant Matthew Tye.

On June 16, 2020, defendants filed a motion for attorney's fees and costs for the anti-SLAPP motion.  Following briefing and oral argument, the trial court granted the motion and awarded $33,120 in attorney's fees and $91.85 in costs.

## II.  DISCUSSION

"A defendant who brings a successful motion to strike under section 425.16 is entitled to mandatory attorney fees.  [Citation.]  The fee award 'should ordinarily include compensation for all the hours reasonably spent, including those relating solely to the fee.'" (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 556, italics and fn. removed (*Premier Medical*); see § 425.16, subd. (c).)

Tye raises three issues on appeal.  First, he contends that the trial court lacked jurisdiction to rule on the fees motion.  Second, he contends that the motion was untimely.  And third, he contends that the amount awarded constituted an abuse of discretion.  We address each in turn.

### A.  Jurisdiction

In a May 2020 order, the trial court dismissed the entire action, noting that the anti-SLAPP motion had been granted a couple of months earlier.  The order stated that a "timely memorandum of costs, motion for attorney's fees and costs, and/or motion to tax costs may be filed."

"[A]lthough the general rule is that once a party is dismissed from an action the court lacks jurisdiction to conduct any further proceedings as to him, 'courts have carved

3

out a number of exceptions to this rule in order to give meaning and effect to a former party's statutory rights. Even after a party is dismissed from the action he may still have collateral statutory rights which the court must determine and enforce.'" (*Shisler v. Sanfer Sports Cars, Inc.* (2008) 167 Cal.App.4th 1, 7.) "One frequent example of postdismissal or postjudgment retention of jurisdiction occurs when courts hear motions related to attorney fees and costs." (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1022.)

Because section 425.16, subdivision (c) expressly provides that a prevailing defendant on an anti-SLAPP motion "shall be entitled to recover [his or her] attorney's fees and costs," the statute provides a collateral statutory right for the court to enforce, and thus the trial court had jurisdiction to rule on the fees motion here.

In contending otherwise, Tye points to a ruling made by the trial court in a different case, with different parties, wherein the trial court purportedly declined to rule on a postdismissal fees motion. Citing no authority, Tye contends that the trial court's ruling in the other case "is binding on [it] in this case." Of course, neither we nor the trial court are bound by a trial court ruling made in an entirely different case. "'[T]rial courts make no binding precedents.'" (*Neary v. Regents of University of California* (1992) 3 Cal.4th 273, 282.)

Tye also contends that because respondents sought attorney's fees in the anti-SLAPP motion, the trial court lacked jurisdiction to rule on the subsequent fees motion covering the same subject matter. Although the caption page of respondents' anti-

4

SLAPP motion and the notice of motion stated that respondents were seeking $14,850 in attorney's fees, these statements did not foreclose them from seeking a higher amount in a later motion. The conclusion section of the anti-SLAPP motion requested that the trial court "award attorney's fees to the [d]efendants for the defense of this action in the amount of $14,850 *or as proven in a post-trial motion for attorney's fees and costs*." (Italics added.) In a declaration, respondents' attorney stated that her "fees *to date*" were $14,850 and that she "expect[ed] the fees to increase with the preparation of a [r]eply and, if the motion is granted, most certainly fees on appeal as well." (Italics added.) "As such," the attorney stated that respondents "intend[ed] to seek an award of fees and cost[s] in a post-judgment motion as allowed by law." In light of these latter statements, the trial court's omission of any discussion about fees in its anti-SLAPP ruling is more appropriately read as reserving ruling on the issue instead of silently denying any award. This reading is supported by the trial court's later ruling on the fees motion, where it noted that respondents had elected to reserve the fees issue for a later motion. Accordingly, respondents' request for attorney's fees and costs in the anti-SLAPP motion did not deprive the trial court of jurisdiction to decide the issue here.[3]

---

[3] We accordingly reject Tye's contention that the fees motion was an improper, "piecemeal" request. Rather than making a ruling on fees and costs when deciding the anti-SLAPP motion, the trial court reserved the issue for the later motion, so there was no piecemeal request, and the fees motion was not in substance a motion for reconsideration, as Tye claims. Similarly, we reject Tye's contention that the trial court misrepresented the record when it stated that "[t]he fact that [d]efendants mentioned attorney's fees in the anti-SLAPP motion does not bar this motion." The trial court's statement, which is more a legal conclusion than a representation of the record, was correct.

5

*B. Timeliness*

Rule 3.1702(b) provides that a "notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court . . . must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case."  Rule 8.108 concerns extensions and is not at issue here.  Rule 8.104 states that, barring exceptions not applicable here, "a notice of appeal must be filed on or before the earliest of:  [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment."  (Rule 8.104(a)(1).)

Our focus here is on the second prong, rule 8.104(a)(1)(B), which starts a 60 day clock when "the party filing the [fees motion] serves or is served by a party with a document entitled 'Notice of Entry' of judgment . . . , accompanied by proof of service."

If, as Tye contends, his notice of entry of judgment was served on March 26, then defendants would have had to file the fees motion by June 1.  Sixty days after March 26 is May 25.  Because service was by mail, defendants would have had five additional days, or until May 30.  (§ 1013, subd. (a).)  And then, because May 30, 2020 fell on a

6

Saturday, defendants would have had until the following Monday to file the fees motion, which was June 1. (§§ 12, 12a.) The motion was filed on June 16.

The trial court held that rule 8.104(a)(1)(B) did not make June 1 the deadline for two reasons; both, however, were erroneous. First, the trial court determined that because March 17 through May 31 (except for two days in May) had been declared holidays due to the COVID-19 pandemic, none of those days counted toward the 60 day window, and the clock had effectively been stopped during that time.[4] However, holidays generally affect a filing deadline only when the deadline itself falls on a holiday; holidays in the middle of a filing period do not stop the clock. (§§ 12 ["The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded"], 12a, subd. (a) ["If the last day for the performance of any act provided or required by law to be performed within a specified period of time is a holiday, then that period is hereby extended to and including the next day that is not a holiday"].) The trial court cited no authority when it held otherwise, and neither do defendants in defending the trial court's analysis on appeal. We find that the holidays did not stop the clock.

Second, the trial court held that the notice of entry of judgment was invalid because it did not comply with section 664.5's requirement that "the party submitting an order or judgment for entry . . . file with the court the original notice of entry of judgment

---

[4] We grant defendants' request for judicial notice of the General Orders from the Riverside County Superior Court declaring the court holidays. These are official acts of a state judiciary. (Evid. Code, § 452, subd. (c).)

together with the proof of service." (§ 664.5, subd. (a).) Tye does not contend that he filed the notice of entry of judgment or the proof of service with the trial court. However, section 664.5 is not the provision governing when the 60 day window begins, and rule 8.104 does not purport to incorporate section 664.5's requirements. Instead, rule 8.104 merely states that here the fees motion "must be filed on or before the earliest of" three dates, one of which is "60 days after the party filing the [fees motion] *serves or is served by a party* with a document entitled 'Notice of Entry' of judgment . . . , accompanied by proof of service." (Rule 8.104(a)(1), (a)(1)(B).)[5]

We are unable to determine whether Tye in fact mailed the notice of entry of judgment on March 26. (See § 1013, subd. (a) ["In case of service by mail, the notice or other paper shall be deposited in a post office, mailbox, . . . or other like facility regularly maintained by the United States Postal Service," and "[s]ervice is complete at the time of the deposit"].) Defendants' counsel stated in a July 6 declaration that Tye's "'Notice of Entry of Judgment' was <u>never</u> served on me." Although the statement that she was never served is a legal conclusion and is not based on personal knowledge, it is reasonable enough that counsel meant to state that she never received the notice of entry of judgment, which is a factual statement she would have personal knowledge of. This is

---

[5] By comparison, other Code of Civil Procedure sections do expressly incorporate section 664.5's requirements. (E.g., § 663a, subd. (a)(2) [motion to set aside or vacate judgment to be filed "[w]ithin 15 days of the date of mailing of entry of judgment by the clerk of the court pursuant to Section 664.5, or service upon him or her by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest"].)

8

sufficient to create a factual issue as to whether the notice of entry of judgment was ever sent, one that the trial court did not need to resolve given the bases for its ruling. That factual issue, in turn, bears on whether service was ever completed.

On appeal, defendants assert that counsel never received the notice of entry of judgment.[6] "The trial court is the sole arbiter of the facts. [Citation.] We have no power on appeal to weigh the evidence, consider the credibility of witnesses, or resolve conflicts in the evidence or the reasonable inferences that may be drawn from the evidence." (*Navarro v. Perron* (2004) 122 Cal.App.4th 797, 803.)[7]

If defendants were in fact served on March 26, then their fees motion is untimely and must be denied. If, however, defendants were never served with the notice of entry of judgment, then the motion was timely, as Tye does not contend on appeal that either of the other deadlines in rule 8.104(a)(1) made the motion untimely. Accordingly, we

---

[6] To be precise, the respondent's brief states that the notice of entry of judgment "was never received by [d]efense [c]ounsel," but as authority it cites counsel's statement from her July 6 declaration that the document was never served.

[7] There is a factual issue for the trial court to resolve even if Evidence Code section 641, which provides that a "letter correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail," applies. Assuming for the sake of argument that completion of service is the same as receipt, "the presumption is rebutted by evidence supporting denial of receipt." (*Wolstoncroft v. County of Yolo* (2021) 68 Cal.App.5th 327, 350; see also *Bear Creek Master Assn. v. Edwards* (2005) 130 Cal.App.4th 1470, 1486 ["Of course, a presumption of receipt is rebutted upon testimony denying receipt"].)

reverse the trial court's award of fees and costs and remand for proceedings to determine whether defendants were in fact served and thus whether the motion was timely.[8]

## C. Award Amount

"[A]buse of discretion is the appropriate standard of appellate review of a fee award under section 425.16, subdivision (c). The reason is that the "'""experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.'"""" (*Premier Medical*, *supra*, 163 Cal.App.4th at pp. 556-557.)

In contending that the trial court abused its discretion in awarding $33,211.85 in fees and costs, Tye raises several claims, including that defendants' attorney committed perjury, that his opposition to the fees motion constituted admissible evidence, that the amounts billed to certain tasks were "insane on their face," and that the trial court's awards in other matters show that the award in this case was "an extreme outlier."

Because we are reversing the award and remanding for additional proceedings, the issue is not currently ripe for review. The ripeness requirement "prevents courts from issuing purely advisory opinions." (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170.) "'A controversy is "ripe" when it has reached, but has not passed, the point that the facts have sufficiently congealed to permit an intelligent and

---

[8] Of course, the trial court remains free to decide other issues relating to service and timeliness, such as whether the proof of service accompanying the notice of entry of judgment was sufficient. We express no view on the matter at this time.

useful decision to be made.'" (*Id.* at p. 171.) As the matter now stands, any decision regarding the propriety of the award amount would have to assume both that there will be an award on remand and that the award amount would not change. Neither of these assumptions would necessarily be true. (See *569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 433 ["An award of attorney fees to a prevailing defendant on an anti-SLAPP motion properly includes attorney fees incurred to litigate the special motion to strike (the merits fees) plus the fees incurred in connection with litigating the fee award itself (the fees on fees)"].) Accordingly, we decline to rule on the issue now.

## III.  DISPOSITION

The order granting defendants' motion for attorney's fees and costs is reversed. The matter is remanded to the trial court with directions to determine when, if ever, defendants were served with Tye's notice of entry of judgment and whether defendants' motion was timely. The trial court shall retain discretion to set the amount of any award if it determines that the motion was timely. Tye is awarded his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____
J.

We concur:

MILLER_____
          Acting P. J.
MENETREZ_____
                J.

11