Filed 9/29/25  Zerhioun v. Demisse CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| TEDENKILSH ZERHIOUN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>YOSEPH DEMISSE and HAREG TEFFERA,<br><br>    Defendants and Respondents. | A168634<br><br><br>(Contra Costa County<br>Super. Ct. No. MSC2100779) |

BY THE COURT:

It is ordered that the opinion filed herein on August 27, 2025 be modified as follows:

1.  On page 3, in the first sentence of the first full paragraph, the word "After" is changed to "Prior to the expiration of" and the word "expired" is deleted, so the sentence reads:

> Prior to the expiration of the 90-day buyout period, Zerhioun filed a motion to stay the execution of the sale of the property and extend the 90-day period.

2.  On page 3, in the second sentence of the first full paragraph, the language "On August 21, 2023, two months after the buyout period expired" is to be inserted at the beginning of the sentence, so the sentence reads:

> On August 21, 2023, two months after the buyout period expired, the trial court found that "Plaintiff ha[d] been unable to buy out Defendants and that Defendants' conduct did not prevent Plaintiff from completing the buyout."

3. On page 4, in the last sentence of the first paragraph, the open quotation mark before the word "did" is deleted, so the sentence reads:

> Defendants complied with this order and submitted the names of two agents, but Zerhioun did "not submit[] any proposed listing agents."

There is no change in the judgment. The petition for rehearing is denied.

Date: _____   _____, Acting P. J.
Streeter

Filed 8/27/25  Zerhioun v. Demisse CA1/4 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| TEDENKILSH ZERHIOUN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>YOSEPH DEMISSE and HAREG TEFFERA,<br><br>    Defendants and Respondents. | A168634<br><br><br>(Contra Costa County<br>Super. Ct. No. MSC2100779) |

**MEMORANDUM OPINION[1]**

Pro se appellant Tedenkilsh Zerhioun seeks review of an order denying her motion to stay defendants' sale of real property, which followed a final judgment awarding Zerhioun a one-half interest in the real property underlying the parties' dispute.  We affirm.

As the parties are familiar with the facts and procedural history, we review them in brief.  In May 2022, Zerhioun prevailed in a jury trial on a breach of contract claim, entitling her to an undivided one-half share in real property located in Contra Costa County, California, commonly known as

---

[1] This matter is proper for disposition by a memorandum opinion in accordance with the California Standards of Judicial Administration, Standard 8.1.  (Cal. Stds. Jud. Admin., § 8.1; see Ct. App., First Dist., Local Rules of Ct., rule 19, Abbreviated Opinions; *People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855 [use of memorandum opinions].)

1231 Marionola Way, Pinole, CA 94564 with the Assessor's Parcel Number 401-362-021(the property). The following September, the trial court issued a statement of decision on the equitable issues and entered final judgment, which, inter alia, found in favor of Zerhioun's claim for specific performance.

The trial court ordered, in relevant part: "Within 90 days of entry of the final judgment, Plaintiff is to pay Defendants $237,500.00. Plaintiff can subtract from that sum the amount necessary to fully discharge the mortgage, as one-half of the mortgage is Plaintiff's responsibility. In return, Defendants will transfer title to the Property in Tede Zerhioun's name. [¶] . . . Alternatively, in the event that Plaintiff is unable or fails to pay that sum within 90 days of the entry of the final Judgment, then the Property will be sold to the highest bidder after being listed. The proceeds of the sale will be divided equally between the parties, less the commission and the mortgage and any expenses incurred in the course of closing escrow. The listing agent is to be agreed on within 7 days failing which the Court will appoint one." The court also awarded Zerhioun with prejudgment and post judgment interest on her award of $50,000 in punitive damages.

On March 22, 2023, following a series of challenges to the judgment which "delayed the 90-day time period," the trial court issued an order granting Zerhioun's motion to enforce the judgment. The court ruled that this restarted the 90-day clock for Zerhioun to buy out defendants' interest in the property, and that the clock would expire on June 20, 2023. The court also ordered defendants "to sign all necessary paperwork to facilitate a buyout and transfer of title of the real property" with the proviso that "[i]f Plaintiff is unable to facilitate and buy out the property [then it] shall be sold," in which case defendants were "ordered to sign any necessary paperwork to facilitate the sale of the property." The court further declared

2

that "[i]f Defendant[s] refuse[] to sign any necessary paperwork Plaintiff may bring a motion ex parte for the clerk court to sign as elisor."

After the 90-day buyout period expired, Zerhioun filed a motion to stay the execution of the sale of the property. The trial court found that "Plaintiff ha[d] been unable to buy out Defendants and that Defendants' conduct did not prevent Plaintiff from completing the buyout." It accordingly denied the motion and ordered the sale of the property. Zerhioun appealed.

On appeal, we must presume the trial court's judgment is correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) The appellant bears the burden to show error with an adequate record and to support any points made with citations to the record. (*Id.* at p. 609 [" ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' "]; see Cal. Rules of Court, rule 8.204(a)(1)(C) ["Support any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."].) We may disregard assertions and arguments that lack record references or citations to legal authority. (*Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597.) We hold in propria persona litigants to the same standards as attorneys. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)

Based on these standards, we must affirm the order. To the extent Zerhioun alleges the trial court erred, her assertions are unsupported by citations to the record. It is not the role of this court to search the record for evidence that supports a party's statements. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

Moreover, based on our review of the record, she mischaracterizes much of it. For example, Zerhioun claims the trial court "incorrectly

mandated that [Zerhioun's] name be added to the property title as only a half-owner, which contradicts the jury's findings." Zerhioun failed to include the jury's findings in the record, but the final judgment—which Zerhioun did not appeal—expressly states: "Plaintiff [Zerhioun] is entitled to an undivided one-half share in the Property and is entitled to have title entered into her name for that one-half share of the Property." Zerhioun also claims that defendants are attempting to sell the property without her consent, but she fails to acknowledge that in the trial court's March 22, 2023, order, each party was to submit the names of two real estate agents to the court if Zerhioun was unable to buy out the defendants' interests in the property, and the court would pick an agent to conduct the sale. Defendants complied with this order and submitted the names of two agents, but Zerhioun "did "not submit[] any proposed listing agents."

Even more problematic is the fact that rather than asserting legal error, the majority of Zerhioun's claims relate to challenges to the factual basis of the trial court's order denying her requested stay of the property's sale. Appellate review, however, does not empower us to determine issues of fact. (*Navarro v. Perron* (2004) 122 Cal.App.4th 797, 803.) "We do not retry cases on appeal . . . ." (*FLIR Systems, Inc. v. Parrish* (2009) 174 Cal.App.4th 1270, 1276). Accordingly, this is not the proper venue for Zerhioun to relitigate whether defendants refused "to sign necessary documents" to complete the sale of real property or whether Zerhioun's award from the final judgment fully compensated her. Similarly, this court generally must limit its review to matters in the record that were before the trier of fact. (*People v. Pearson* (1969) 70 Cal.2d 218, 221, fn. 1.) For this additional reason, we may not consider Zerhioun's (unsupported) allegations that defendants attempted to evict her and have failed to pay her punitive damages, that her

4

former attorney violated the Rules of Professional Conduct by making misrepresentations to the trial court, or that the trial court misapplied the jury's punitive damages award.

Zerhioun also fails to provide any cogent legal analysis in support of her arguments, which consist of conclusory claims that defendants and the trial court violated her legal and constitutional rights. Her brief does not rely on any case law. She occasionally points to sections of the Code of Civil Procedure, but even then, she often mischaracterizes that authority.

We are sympathetic to the fact that Zerhioun is representing herself without the benefit of an attorney, but her status as a self-represented litigant does not exempt her from the rules of appellate procedure or relieve her obligation to present intelligible argument supported by legal authority and the record. (*Nwosu v. Uba, supra,* 122 Cal.App.4th at pp. 1246–1247.) In view of the substantial deficiencies in her brief, we conclude she has failed to meet her burden of establishing error.

## DISPOSITION

The judgment is affirmed. In the interests of justice, no costs are awarded. (Cal. Rules of Court, rule 8.278(a)(5).)

_____

Clay, J.[*]

WE CONCUR:


_____

Streeter, Acting P. J.


_____

Goldman, J.


_Zerhioun v. Demisse_/A168634


_____

[*] Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6